**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **WILLIS ELECTRIC CO., LTD.,**<br><br>Plaintiff,<br><br>v.<br><br>**HOLIDAY DESIGNS (CAMBODIA) CO. LTD.,**<br><br>Defendant. | **CIVIL ACTION NO. ______________**<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Willis Electric Co., Ltd. (Willis Electric), for its Complaint against Defendant Holiday Designs (Cambodia) Co. Ltd. (Holiday Designs), alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for infringement of United States Patent Nos. 8,454,186 (the ’186 patent) and 8,454,187 (the ’187 patent) (collectively, the Patents-in-Suit), arising under the patent laws of the United States, including 35 U.S.C. §§ 271 and 281.

2. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Holiday Designs because, on information and belief, it has purposefully directed, manufactured, supplied, sold, and/or caused the distribution of pre-lit artificial Christmas trees for the United States market, including through national retail channels that reach Texas, and the claims arise from those activities. On information and belief, Holiday Design’s Accused Products were offered for sale and sold to customers in Texas and this District. On information and belief, Holiday Designs sells and ships the Accused Products, directly or through authorized distributors, to national U.S. Retailers,

including The Home Depot, with knowledge and intent that those retailers offer and sell the Accused Products to consumers throughout the United States, including consumers in this District.

4. In the alternative, to the extent Holiday Designs contends that it is not subject to jurisdiction in the courts of any particular State, this Court may exercise personal jurisdiction under Federal Rule of Civil Procedure 4(k)(2). Willis Electric's claims arise under federal patent law, Holiday Designs purposefully directed the Accused Products into the United States market, including manufacturing and supplying the Accused Products for nationwide United States distribution, and the exercise of jurisdiction is consistent with the United States Constitution and laws.

5. Venue is proper in this District. Holiday Designs is a foreign defendant not resident in the United States and therefore may be sued in any judicial district under 28 U.S.C. § 1391(c)(3). The special patent venue statute does not restrict venue as to a foreign defendant. In addition, on information and belief, Holiday Designs caused Accused Products to be distributed and sold in Texas and this District.

## THE PARTIES

6. Willis Electric is a company organized under the laws of the Republic of China. Willis Electric is a Taiwanese company with a principal place of business at 8F, No. 310, Sec. 4, Zhongxiao E. Rd., Taipei 10694, Taiwan.

7. Willis Electric is a family-owned business founded in 1969. Willis Electric develops, manufactures, and sells decorative lighting products and artificial Christmas trees, including pre-lit artificial trees incorporating its patented One Plug Tree technology.

8. On information and belief Holiday Designs is an entity organized under the laws of Cambodia, having a principal place of business at KM51, National Road#3, Toul Tbeing Village, Prey Vilhear Commune, Korng Pisei District, Kampong Speu Province, Kingdom of Cambodia, that manufactures, supplies, sells, and/or causes the distribution of artificial Christmas trees for sale in the United States, including trees marketed to consumers under the "Home Accents Holiday" brand through The Home Depot.

**BACKGROUND**

9. Before Willis Electric's One Plug Tree invention, assembling a pre-lit artificial Christmas tree generally required consumers to mechanically assemble multiple tree sections and then locate and connect separate electrical cords or light-string plugs between the sections. This process could be frustrating and time-consuming for consumers.

10. Johnny Chen, an inventor and the General Manager of Willis Electric, developed a modular pre-lit artificial tree that creates mechanical and electrical connections between tree sections as the sections are assembled, through internal coaxial trunk connectors. This design permits the tree sections to be assembled and electrically connected without separately plugging light strings between sections, regardless of the particular rotational orientation of each section.

11. In September 2010, Johnny Chen filed the first United States patent application directed to Willis Electric's One Plug Tree technology. Willis Electric introduced the One Plug Tree to the market in 2011.

12. The '186 patent, titled "Modular Lighted Tree with Trunk Electrical Connectors," issued on June 4, 2013. Johnny Chen is the named inventor. A copy of the '186 patent is attached to this complaint as Exhibit A.

13. Willis Electric is the assignee and owner of all right, title, and interest in the ’186 patent, including the right to sue for infringement and recover damages.

14. The ’187 patent, titled “Modular Lighted Tree,” also issued on June 4, 2013. Johnny Chen is the named inventor. A copy of the ’187 patent is attached to this complaint as Exhibit B.

15. Willis Electric is the assignee and owner of all right, title, and interest in the ’187 patent, including the right to sue for infringement and recover damages.

16. The ’186 and ’187 patents claim, among other things, modular lighted artificial trees in which separate tree sections include trunk portions and light strings and are mechanically and electrically coupled through trunk-based coaxial connectors, allowing connections that can be made independent of rotational orientation about the tree’s vertical axis.

17. Willis Electric’s One Plug Trees were favorably received by the market and achieved considerable commercial success.

18. After issuance of its ’186 and ’187 patents, Willis Electric marked patent-embodying One Plug Trees in compliance with 35 U.S.C. § 287(a).

19. Since Willis Electric’s introduction of the One Plug Tree, competitors have adopted infringing designs to compete in the artificial Christmas tree field.

20. The validity of the ’186 and ’187 patents has been repeatedly challenged and sustained. In ex parte reexaminations and inter partes review proceedings, the United States Patent and Trademark Office confirmed the patentability of multiple claims of the ’186 and ’187 patents, including claim 15 of the ’186 patent and claim 4, 10, and 13 of the ’187 patent.

21. In prior litigation against Polygroup, a jury found that Polygroup willfully infringed claim 15 of the ’186 patent through its sales of infringing QuickSet Trees and that claim 15 was not invalid. The resulting judgment, including prejudgment interest, exceeded $71 million; the

Federal Circuit affirmed the infringement, validity, and damages determinations; and Polygroup ultimately paid Willis Electric more than $79.5 million in satisfaction of the judgment.

22. Claim 15 of the ’186 patent depends from claim 10. Claim 10 is directed to a lighted artificial tree with first and second tree portions, each having a trunk body, trunk connector, branches, and a light string, where coupling the trunk portions along a common vertical axis creates both a mechanical and an electrical connection inside the tree independent of rotational orientation. Claim 15 further requires that the trunk connectors of the first and second tree portions form coaxial trunk connectors.

23. Claims of the ’187 patent, including claims 4, 10, and 13, similarly are directed to a lighted artificial tree having first and second tree portions with trunk portions, branches, light strings, trunk electrical connectors, and trunk wiring assemblies, with the tree portions mechanically and electrically connectable about a central vertical axis and with electrical connections made independent of multiple rotational orientations, where the trunk connectors are coaxial or have coaxial electrical contact sets.

**HOLIDAY DESIGNS’ ACCUSED PRE-LIT TREES**

24. Holiday Designs has sold and/or supplied pre-lit artificial Christmas trees to retail stores in the United States with coaxial trunk connectors for providing mechanical and electrical connection between tree portions (collectively, the Accused Products).

25. Examples of such trees identified by Willis Electric include trees marketed to consumers under the “Home Accents Holiday” brand name, including a 7.5-foot Maysville Pine LED Pre-Lit Tree and a 7.5-foot Forest Pine LED Pre-Lit Tree sold through The Home Depot.

26. The Maysville Pine example Accused Product as sold through The Home Depot is depicted in the photograph below.




The Maysville Pine example Accused Product includes multiple pre-lit tree sections having trunk portions, branches, and light strings. Photographs of the product show internal electrical connectors positioned at mating ends of the tree sections, as depicted below.




27. The Forest Pine example Accused Product as sold through The Home Depot is depicted in the photograph below.




The Forest Pine Accused Product includes multiple pre-lit tree sections having trunk portions, branches, and light strings. Photographs of the product show internal electrical connectors positioned at mating ends of the tree sections, as depicted below.



28. Instructions provided by Holiday Designs for assembling the example trees direct the consumer to place one tree section into the next tree section during assembly. The internal connector design shown in the product photographs makes both the mechanical and electrical connection between adjacent pre-lit tree sections when the sections are joined.

29. The Accused Products use coaxial electrical contacts at the ends of the trunk sections. Those contacts allow the electrical connection between adjoining sections to be made without requiring a particular rotational orientation of one tree section relative to the other.

**COUNT I – INFRINGEMENT OF THE '186 PATENT**

33. Willis Electric realleges and incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

34. Willis Electric owns all right, title, and interest in the '186 patent, including the right to sue for infringement and recover damages.

35. Holiday Designs has directly infringed one or more claims of the '186 patent, including at least claims 15 and 29 in violation of 35 U.S.C. § 271(a), by making, using, offering to sell, selling, and/or importing Accused Products in the United States without authorization during the relevant damages period.

36. Claim 10 of the '186 patent, upon which Claim 15 depends, recites "A lighted artificial tree." Holiday Designs' Accused Products, for example the Maysville Pine and Forest Pine products described earlier, are lighted artificial trees.

37. Claim 10 of the '186 patent, upon which Claim 15 depends, also recites "a first tree portion including a first trunk portion, a first plurality of branches joined to the first trunk portion, and a first light string." Holiday Designs' Accused Products, for example the Maysville Pine and Forest Pine products described earlier, include a first tree portion including a first trunk portion, a first plurality of branches joined to the first trunk portion, and a first light string.

38. Claim 10 of the '186 patent, upon which Claim 15 depends, also recites "the first trunk portion having a first trunk body and a trunk connector, at least a portion of the trunk connector housed within the first trunk body and electrically connected to the first light string." Holiday Designs' Accused Products, for example the Maysville Pine and Forest Pine products described earlier, include a first trunk portion having a first trunk body and a trunk connector, at least a portion of the trunk connector housed within the first trunk body and electrically connected to the first light string.

39. Claim 10 of the '186 patent, upon which Claim 15 depends, also recites "a second tree portion including a second trunk portion, a second plurality of branches joined to the second trunk portion, and a second light string." Holiday Designs' Accused Products, for example the Maysville Pine and Forest Pine products described earlier, include a second tree portion including a second trunk portion, a second plurality of branches joined to the second trunk portion, and a second light string.

40. Claim 10 of the '186 patent, upon which Claim 15 depends, also recites "the second trunk portion having a trunk body and a trunk connector, at least a portion of the trunk connector

housed within the second trunk portion and electrically connected to the second light string." Holiday Designs' Accused Products, for example the Maysville Pine and Forest Pine products described earlier, include a second trunk portion having a trunk body and a trunk connector, at least a portion of the trunk connector housed within the second trunk portion and electrically connected to the second light string.

41. Claim 10 of the '186 patent, upon which Claim 15 depends, also recites "wherein the second tree portion is mechanically and electrically connectable to the first tree portion by coupling a lower end of the second trunk body to an upper end of the first trunk body along a common vertical axis at a rotational orientation of the first trunk portion relative the second trunk portion about the common vertical axis, thereby causing the trunk connector of the first trunk portion to make an electrical connection with the trunk connector of the second trunk portion within an interior of the lighted artificial tree, the electrical connection being made independent of the rotational orientation of the first trunk portion relative the second trunk portion about the common vertical axis." Holiday Designs' Accused Products, for example the Maysville Pine and Forest Pine products described earlier, include a second tree portion that is mechanically and electrically connectable to the first tree portion by coupling a lower end of the second trunk body to an upper end of the first trunk body along a common vertical axis at a rotational orientation of the first trunk portion relative the second trunk portion about the common vertical axis, thereby causing the trunk connector of the first trunk portion to make an electrical connection with the trunk connector of the second trunk portion within an interior of the lighted artificial tree, the electrical connection being made independent of the rotational orientation of the first trunk portion relative the second trunk portion about the common vertical axis.

42. The Accused Products are lighted artificial trees with first and second tree portions, each including a trunk portion, branches, and a light string. The trunk portions include electrical connectors housed at least in part within the trunk bodies and electrically connected to the respective light strings.

43. When adjacent sections of the Accused Products are stacked along the common vertical axis of the tree, the lower end of one trunk body couples with the upper end of another trunk body, mechanically joining the tree sections and causing the internal trunk connectors to make an electrical connection that powers the lighting on the upper section.

44. The electrical connection in the Accused Products is made regardless of whichever particular rotational orientation of the adjoining trunk portions about the common vertical axis the portions are connected.

45. The trunk connectors of the Accused Products, for example as depicted in the photographs of the Maysville Pine and Forest Pine products connectors included earlier in this complaint, are coaxial trunk connectors. Accordingly, the Accused Products practice the additional limitation of claim 15 of the ’186 patent, which recites “wherein the trunk connectors of the first and second tree portions form coaxial trunk connectors.”

46. Example parts or portions of Holiday Designs’ Accused Products that meet each limitation of claim 15 of the ’186 patent are further exemplified in the chart attached as Exhibit C to this complaint.

46. Holiday Designs also actively induced infringement of at least claim 15 of the ’186 patent under 35 U.S.C. § 271(b). Holiday Designs sold or supplied Accused Products to distributors and/or retailers for further sale to end-user customers and/or directly to end user customers for use in a manner that infringed one or more claims of the ’186 patent. Holiday

Designs provided assembly instructions and other materials that directed consumers to assemble and use the Accused Products in the manner that infringed. Holiday Designs also had notice of the ’186 and ’187 patents based on the ubiquitous knowledge, awareness, and discussion in the industry about Willis Electric’s publicized patent infringement lawsuit against Polygroup. On information and belief, the Home Depot also informed Holiday Designs that its designed infringed Willis Electric’s patent rights. In the alternative to Holiday Designs knowingly encouraging infringement, Holiday Designs was willfully blind to that outcome.

47. Holiday Designs’ infringement has caused damage to Willis Electric. Willis Electric is entitled to recover damages adequate to compensate for the infringement, in no event less than a reasonable royalty, together with interest and costs under 35 U.S.C. § 284.

48. After issuance of its ’186 and ’187 patents, Willis Electric marked patent-embodying One Plug Trees with these patents in compliance with 35 U.S.C. § 287(a).

49. Based on Holiday Design’s access and substantial similarity to Willis Electric’s patented One Plug Tree design, on information and belief, Holiday Designs copied Willis Electric’s One Plug technology to design and release its Accused Products to directly compete with Willis Electric for business with U.S. retailers including The Home Depot.

50. Despite this knowledge, Holiday Designs made, sold, offered for sale and/or distributed Accused Products, including to U.S. retailers such as The Home Depot. These actions were willful, knowing, deliberate and egregious conduct warranted enhanced damages under 35 U.S.C. § 284.

51. Holiday Designs’ conduct also supports a finding that this is an exceptional case under 35 U.S.C. § 285 and an award of Willis Electric’s reasonable attorneys’ fees.

**COUNT II – INFRINGEMENT OF THE '187 PATENT**

52. Willis Electric realleges and incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

53. Willis Electric owns all right, title, and interest in the '187 patent, including the right to sue for infringement and recover damages.

54. Holiday Designs has directly infringed one or more claims of the '187 patent, including at least claim 4, in violation of 35 U.S.C. § 271(a), by making, using, offering to sell, selling, and/or importing Accused Products in the United States without authorization during the relevant damages period.

55. Claim 1 of the '187 patent, upon which Claim 4 depends, recites "A lighted artificial tree." Holiday Designs' Accused Products, for example the Maysville Pine and Forest Pine products described earlier, are lighted artificial trees.

56. Claim 1 of the '187 patent, upon which Claim 4 depends, also recites "a first tree portion including a first trunk portion, a first plurality of branches joined to the first trunk portion, and a first light string affixed to a portion of the first plurality of branches." Holiday Designs' Accused Products, for example the Maysville Pine and Forest Pine products described earlier, include a first tree portion including a first trunk portion, a first plurality of branches joined to the first trunk portion, and a first light string affixed to a portion of the first plurality of branches.

57. Claim 1 of the '187 patent, upon which Claim 4 depends, also recites "the first trunk portion having a first trunk wall defining a first trunk interior, a first trunk electrical connector and a first trunk wiring assembly, the first trunk electrical connector including a first electrical contact and a second electrical contact, the first trunk wiring assembly electrically connectable to

the first light string and the first trunk electrical connector, and wherein at least a portion of the first trunk wiring assembly is located within the first trunk interior." Holiday Designs' Accused Products, for example the Maysville Pine and Forest Pine products described earlier, include a first trunk portion having a first trunk wall defining a first trunk interior, a first trunk electrical connector and a first trunk wiring assembly, the first trunk electrical connector including a first electrical contact and a second electrical contact, the first trunk wiring assembly electrically connectable to the first light string and the first trunk electrical connector, and wherein at least a portion of the first trunk wiring assembly is located within the first trunk interior.

58. Claim 1 of the '187 patent, upon which Claim 4 depends, also recites "a second tree portion including a second trunk portion, a second plurality of branches joined to the second trunk portion, and a second light string affixed to a portion of the second plurality of branches." Holiday Designs' Accused Products, for example the Maysville Pine and Forest Pine products described earlier, include a second tree portion including a second trunk portion, a second plurality of branches joined to the second trunk portion, and a second light string affixed to a portion of the second plurality of branches.

59. Claim 1 of the '187 patent, upon which Claim 4 depends, also recites "the second trunk portion having a second trunk wall defining a second trunk interior, a second trunk electrical connector and a second trunk wiring assembly, the second trunk electrical connector including a first electrical contact and a second electrical contact, the second trunk wiring assembly electrically connectable to the second lighting string and the second trunk electrical connector, and wherein at least a portion of the second wiring assembly is located within the second trunk interior." Holiday Designs' Accused Products, for example the Maysville Pine and Forest Pine products described earlier, include a second trunk portion having a second trunk wall

defining a second trunk interior, a second trunk electrical connector and a second trunk wiring assembly, the second trunk electrical connector including a first electrical contact and a second electrical contact, the second trunk wiring assembly electrically connectable to the second lighting string and the second trunk electrical connector, and wherein at least a portion of the second wiring assembly is located within the second trunk interior.

60. Claim 1 of the ’187 patent, upon which Claim 4 depends, also recites “wherein the second tree portion is mechanically coupleable to the first tree portion about a central vertical axis, and the second tree portion is electrically connectable to the first tree portion such that a portion of the first trunk electrical connector of the first trunk portion contacts a portion of the second trunk electrical connector of the second trunk portion when the first tree portion and the second tree portion are mechanically coupled, and the second electrical contact of the first trunk connector makes an electrical connection with the second electrical contact of the second trunk connector at a point along the central vertical axis, and the first electrical contact of the trunk connector of the first tree portion makes an electrical connection with the first electrical contact of the trunk connector of the second tree portion, thereby creating an electrical connection between the first wiring assembly and the second wiring assembly.” Holiday Designs’ Accused Products, for example the Maysville Pine and Forest Pine products described earlier, include a second tree portion that is mechanically coupleable to the first tree portion about a central vertical axis, and the second tree portion is electrically connectable to the first tree portion such that a portion of the first trunk electrical connector of the first trunk portion contacts a portion of the second trunk electrical connector of the second trunk portion when the first tree portion and the second tree portion are mechanically coupled, and the second electrical contact of the first trunk connector makes an electrical connection with the second electrical contact of the second

trunk connector at a point along the central vertical axis, and the first electrical contact of the trunk connector of the first tree portion makes an electrical connection with the first electrical contact of the trunk connector of the second tree portion, thereby creating an electrical connection between the first wiring assembly and the second wiring assembly.

61. Claim 1 of the ’187 patent, upon which Claim 4 depends, also recites “wherein the lower end of the second trunk portion is configured to couple the upper end of the first trunk portion in at least four different rotational orientations of the first trunk portion relative the second trunk portion about the central vertical axis, and the electrical connection between the first electrical contacts of the first and second tree portions and the electrical connection between the second electrical contacts of the first and second tree portions are made independent of the rotational orientations of the first trunk portion relative to the second trunk portion about the central vertical axis when the lower end of the second trunk portion is coupled to the upper end of the first trunk portion.” Holiday Designs’ Accused Products, for example the Maysville Pine and Forest Pine products described earlier, include a second tree portion with a lower end of the second trunk portion that is configured to couple the upper end of the first trunk portion in at least four different rotational orientations of the first trunk portion relative the second trunk portion about the central vertical axis, and the electrical connection between the first electrical contacts of the first and second tree portions and the electrical connection between the second electrical contacts of the first and second tree portions are made independent of the rotational orientations of the first trunk portion relative to the second trunk portion about the central vertical axis when the lower end of the second trunk portion is coupled to the upper end of the first trunk portion.

62. The Accused Products include each limitation of claim 1 of the ’187 patent, including first and second pre-lit tree portions with respective trunk portions, branches, and light strings; trunk interiors containing trunk electrical connectors and trunk wiring assemblies; and trunk electrical connectors having first and second electrical contacts.

63. When adjacent Accused Product sections are mechanically coupled about a central vertical axis, corresponding contacts of the trunk connectors make electrical connections within the tree, including a contact point along the central vertical axis, thereby electrically connecting the wiring assemblies and energizing the light strings.

64. The adjoining trunk portions of the Accused Products can be coupled in at least four rotational orientations about the central vertical axis, and the electrical connection between corresponding trunk contacts is made independent of the rotational orientation of the adjoining sections.

65. The trunk electrical connectors of the Accused Products, for example as depicted in the photographs of the Maysville Pine and Forest Pine product connectors included earlier in this complaint have coaxial electrical contact sets. Accordingly, the Accused Products practice the additional limitation of claim 4 of the ’187 patent, which recites “wherein the first trunk electrical connector of the first portion includes a first coaxial electrical contact set and the trunk connector of the second trunk portion includes a second coaxial electrical contact set such that the electrical connection between the first wiring assembly and the second wiring assembly comprises an electrical connection between the first coaxial electrical contact set and the second coaxial electrical contact set.”

66. Holiday Designs also actively induced infringement of at least claim 4 of the ’187 patent under 35 U.S.C. § 271(b). Holiday Designs sold Accused Products to retailers for further

sale to end-user customers and/or directly to end user customers for use in a manner that infringed one or more claims of the '187 patent. Holiday Designs provided assembly instructions, Buyer's Guide materials, and instructional videos that directed customers to assemble and use the Accused Products in the manner that infringed. Holiday Designs also had notice of the '186 and '187 patents based on the ubiquitous knowledge, awareness, and discussion in the industry about Willis Electric's publicized patent infringement lawsuit against Polygroup. On information and belief, the Home Depot also informed Holiday Designs that its design infringed Willis Electric's patent rights. In the alternative to Holiday Designs knowingly encouraging infringement, Holiday Designs was willfully blind to that outcome.

67. Holiday Designs' infringement has caused damage to Willis Electric. Willis Electric is entitled to recover damages adequate to compensate for the infringement, in no event less than a reasonable royalty, together with interest and costs under 35 U.S.C. § 284.

68. After issuance of its '186 and '187 patents, Willis Electric marked patent-embodying One Plug Trees with these patents in compliance with 35 U.S.C. § 287(a).

69. Based on Holiday Design's access and substantial similarity to Willis Electric's patented One Plug Tree design, on information and belief, Holiday Designs copied Willis Electric's One Plug technology to design and release its Accused Products to directly compete with Willis Electric for business with U.S. retailers including The Home Depot.

70. Despite this knowledge, Holiday Designs made, sold, offered for sale and/or distributed Accused Products, including to U.S. retailers such as The Home Depot. These actions were willful, knowing, deliberate and egregious conduct warranted enhanced damages under 35 U.S.C. § 284.

71. Holiday Designs' conduct also supports a finding that this is an exceptional case under 35 U.S.C. § 285 and an award of Willis Electric's reasonable attorneys' fees.

**DEMAND FOR JUDGMENT**

WHEREFORE, Willis Electric respectfully requests that the Court enter judgment in its favor and against Holiday Designs as follows:

A. Finding that Holiday Designs has infringed the '186 patent and the '187 patent;

B. Awarding Willis Electric damages adequate to compensate for Holiday Designs' infringement, in no event less than a reasonable royalty, under 35 U.S.C. § 284;

C. Awarding prejudgment and post-judgment interest and costs as permitted by law;

D. Ordering an accounting of Holiday Designs' infringing manufacture, sales, offers for sale, imports, supplies, and distributions of the Accused Products during the recoverable damages period;

E. Enhancing damages up to three times under 35 U.S.C. § 284 based on Holiday Designs' willful infringement;

F. Awarding Willis Electric its reasonable attorneys' fees if the Court determines that this is an exceptional case under 35 U.S.C. § 285; and

G. Awarding such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Pursuant to Federal Rule of Civil Procedure 38(b) and the Seventh Amendment to the United States Constitution, Willis Electric demands a trial by jury on all issues so triable.

**Respectfully submitted,**

Dated: August 18, 2026

*Charles W. Goehringer, Jr.*
**GERMER PLLC**
Charles W. Goehringer, Jr.
Texas State Bar No. 00793817
cwgoehringer@germer.com
Kelli B. Smith
Texas State Bar No. 24008053
ksmith@germer.com
550 Fannin, Suite 400
Beaumont, Texas 77701
Telephone: (409) 654-6700

**Local Counsel for Plaintiff Willis Electric**

**ROBINS KAPLAN LLP**
Patrick M. Arenz (MN Bar. No. 0386537)
(Admitted in the Eastern District of Texas)
Lead Attorney
Emily E. Niles (MN Bar No. 0396631)
(PHV Application Forthcoming)
Brenda L. Joly (MN Bar. No. 0386791)
(PHV Application Forthcoming)
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Phone: 612-349-8500
Fax: 612-339-4181
parenz@RobinsKaplan.com
eniles@RobinsKaplan.com
bjoly@RobinsKaplan.com

**Trial Counsel for Plaintiff Willis Electric Co.**